UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 14-46419-659 |
| | ) | Honorable Kathy A. Surratt-States |
| SEAD AND EKREMA BAKRAC, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | **TRUSTEE'S OBJECTION TO DEBTORS'** |
| | ) | **MOTION TO CONVERT TO** |
| | ) | **CHAPTER 13** |
| | ) | |
| | ) | Hearing Date:  January 26, 2015 |
| | ) | Hearing Time:  10:00 a.m. |

**TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO CONVERT TO CHAPTER 13**

COMES NOW David A. Sosne, Trustee, by and through counsel, and for his Objection to Debtors' Motion to Convert to Chapter 13, states to the Court:

1. On or about August 14, 2014 (the "Petition Date"), Sead and Ekrema Bakrac ("Debtors") filed their Voluntary Petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code, which is presently pending in this judicial district.

2. David A. Sosne ("Trustee") is the duly appointed and acting Chapter 7 Trustee in bankruptcy for the estate of Debtors.

3. Among the assets of the bankruptcy estate are the following:  (i) real property located at 6038 Southcrest Way, St. Louis, Missouri 63129 (the "Property"); (ii) a 2006 Mercedes S430 (the "Vehicle"); and (iii) an interest in a franchise agreement related to Emma's Cleaning, LLC (the "Franchise Agreement").

4. By letter dated December 2, 2014, Trustee informed Debtors that he intended to administer upon the Property, the Vehicle, and, potentially, the Franchise Agreement.

5. On December 19, 2014, Trustee filed his Application to Employ Mick J. Sanders, RE/MAX Results as Real Estate Agent/Broker.  The Property is listed at a value of $245,000.00. The Property is subject to secured claims of $171,497.13, per Debtors' schedules, and

exemptions of $15,000.00. After the secured claims and the exemptions, there still remains over $58,000.00 of equity in the Property.

6. The Vehicle was appraised at a value of $11,995.00, and Debtors claimed exemptions in the amount of $9,050.00. After exemptions, there remains $2,945.00 of equity in the Vehicle.

7. Trustee believes the Franchise Agreement is marketable, but due to the nature of this particular asset, Trustee is unable to assess an exact amount for the Franchise Agreement.

8. Trustee believes there is sufficient equity to justify administration of the Property, the Vehicle, and the Franchise Agreement. Furthermore, Trustee believes administration of these assets is in the best interest of the bankruptcy estate.

9. Though 11 U.S.C. §706(a) appears to grant an "absolute" right to convert a case from Chapter 7 to Chapter 13, the case law of this and other jurisdictions clearly indicate a debtor's right to convert a case is <u>not</u> absolute.

10. The Bankruptcy Court for the Western District of Missouri has held that the court has discretion to deny conversion when "extreme circumstances" amounting to bad faith are shown, where the conversion would amount to an abuse of the bankruptcy process, or where the conversion would violate the purposes and policy of the Bankruptcy Code." <u>In re Young</u>, 269 B.R. 816, 823 (Bankr. W.D. Mo. 2001).

11. Similarly, "denial of conversion is appropriate if it is demonstrably clear that the debtor will not be able to propose a feasible plan and conversion would thus be an "exercise in futility". Id. (*quoting* <u>In re Lilley</u>, 29 B.R. 442, 443 (1st Cir. BAP 1983)); *see also* <u>In re Glenn</u> 408 B.R. 800, 803 (Bankr. E.D.Mo. 2009). Therefore, a debtor must show that he/she is eligible to become a debtor under Chapter 13. <u>See</u> 11 U.S.C. §706(d). To be eligible to become a

Chapter 13 debtor, a debtor must have income that is sufficiently stable and regular to allow the debtor to make payments under the plan. See 11 U.S.C. §§101 and 109.

12. Trustee submits that denial of conversion in this case is appropriate since Debtors cannot propose a feasible Chapter 13 Plan and are not eligible to be Chapter 13 debtors given their minimal disposable income. Debtors' Schedules I and J reveal that they do not have a monthly disposable income because their monthly expenses, $15,623.23, are greater than their monthly income, $14,808.93. Schedules I and J were filed under oath and are presumed to be true and accurate.

13. Since Debtors cannot fund a Chapter 13 Plan, by their own admission per Schedules I and J, Trustee believes that Debtors' attempt to convert at this time is nothing more than an attempt to avoid administration on the Property, the Vehicle, and the Franchise Agreement and amounts to bad faith.

14. The Trustee suggests to this Honorable Court that the instant Motion is an example of an increasing problem, wherein debtors seek to convert to Chapter 13 only when it is apparent that the Chapter 7 Trustee is prepared to administer upon the assets of the estate. The Trustee appreciates that debtors should be afforded every opportunity to pay their creditors. However, there is no evidence on the record to suggest the Debtors will be able to fund a confirmable Chapter 13 plan. In addition, any further delay in the administration of this case may threaten the value of estate property, since Debtors continue to drive the Vehicle.

15. Should, however, this Honorable Court determine that the Debtors' Motion is well taken, the Chapter 7 Trustee requests that the conversion of the Debtors' case be conditioned upon the payment of his fees and expenses and the fees and expenses of the Trustee's attorneys and other professionals in the Chapter 7 case, including the fees/expenses incurred by the real estate agent working on the Trustee's behalf.

WHEREFORE, the Chapter 7 Trustee prays this Honorable Court (i) make and enter its Order denying the Motion; (ii) alternatively, if Debtors' Motion is to be granted, make and enter its Order conditioning conversion upon the payment of the administrative expenses of this Chapter 7 estate; and (iii) grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,
SUMMERS COMPTON WELLS LLC

Date: December 29, 2014    By: /s/ Brian J. LaFlamme
Brian J. LaFlamme, #49776MO
Attorney for Trustee
8909 Ladue Road
St. Louis, MO 63124
(314) 991-4999/(314) 991-2413 Fax
trusteeatty@summerscomptonwells.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties requesting service by electronic filing. I hereby also certify that a copy of the foregoing was served via United States Mail, first class postage prepaid, on the date of the electronic filing of this document to those individuals and entities not requesting service by electronic filing. The individuals and entities being served electronically or by mail are:

| | |
|---|---|
| United States Department of Justice<br>U.S. Trustee's Office<br>111 S. 10th Street, Ste. 6353<br>St. Louis, MO 63102 | John C. Caraker<br>1113 Mississippi Avenue<br>Suite 105<br>St. Louis, MO 63104 |
| Sead and Ekrema Bakrac<br>6038 Southcrest Way<br>St. Louis, MO 63129 | Bank of the Midwest<br>P.O. Box 4024<br>Alameda, CA 94501-0424 |
| Citimortgage, Inc.<br>P.O. Box 6278<br>Sioux Falls, SD 57117-6279 | Fifth Third Bank<br>P.O. Box 670778<br>Cincinnati, OH 45263-0778 |

Date: December 29, 2014    /s/ Marquita Monroe

1567348-1    4