UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In Re:                                    )
                                          )
SEAD BAKRAC, and                          )          Case No. 14-46419-659
EKREMA BAKRAC,                            )          Chapter 7
                                          )
                    Debtors.              )

## O R D E R

The matter before the Court is the Motion to Convert to Chapter 13 and Trustee's Objection to Debtors' Motion to Convert to Chapter 13. A hearing was held on January 26, 2015, at which both Debtors and Chapter 7 Trustee appeared by counsel. The matter was taken under submission. Upon consideration of the record as a whole the Court makes the following **FINDINGS OF FACT**:

Debtors Sead Bakrac and Ekrema Bakrac (hereinafter "Debtors") filed a Voluntary Joint Petition under Chapter 7 of the Bankruptcy Code on August 14, 2014 (hereinafter "Petition"). David A. Sosne is the duly appointed Chapter 7 Trustee (hereinafter "Trustee"). Debtors have two (2) children, ages 2 and 10. Debtors' Schedule I shows monthly income of $14,808.93, while Schedule J shows monthly expenses of $15,623.23 for a net monthly deficit of $814.30. Among other assets, Debtors own their principal residence located at 6038 Southcrest Way, St. Louis, Missouri (hereinafter "Property"), a 2006 Mercedes S430 (hereinafter "Vehicle") and an interest in a franchise agreement related to a cleaning company owned by Debtor Ekrema Bakrac (hereinafter "Franchise Agreement Interest"). By letter dated December 2, 2014, Trustee informed Debtors that he intended to administer upon the Property, the Vehicle and potentially the Franchise Agreement Interest.

Trustee, with approval of this Court, has employed a Real Estate Agent/Broker and the Property has been listed for $245,000.00. Creditor Citimortgage, Inc. holds a First Priority Deed of Trust secured by the Property in the amount of $171,497.13. Debtors have claimed a $15,000.00

Homestead Exemption on Schedule C. After the secured claim and exemption are satisfied, there appears to be over $58,000.00 in equity.

Upon learning of Trustee's intent, Debtors now request that this case be converted to a case under Chapter 13 of the Bankruptcy Code. Debtors state that while they do not believe that there is sufficient equity to justify administration of the above referenced assets, Debtors would "prefer to proceed under Chapter 13 rather than losing certain assets to administration." *See* Motion to Convert to Chapter 13, ¶ 3. Debtors also state that they are agreeable to allow Trustee to have a claim in the converted case under Chapter 13 to reimburse Trustee for his fees and expenses in this case, to the extent those fees and expenses are reasonable.

Trustee objects that Debtors wish to convert for the sole purpose of avoiding the administration of the Property, the Vehicle and the Franchise Agreement Interest. Trustee argues that Debtors are unable to fund a Chapter 13 Plan by Debtors' admission in that the negative monthly income disclosed by Schedules I and J shows Debtors' inability to confirm a Chapter 13 Plan and ineligibility for Chapter 13.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2014) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (2014). Venue is proper in this District under 28 U.S.C. § 1409(a) (2014).

## CONCLUSIONS OF LAW

The Court must determine whether Debtors may convert this case to a case under Chapter 13. The Court rules as follows.

Section 706(a) of the Bankruptcy Code states that a "debtor may convert a case ... to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." 11 U.S.C. § 706(a) (2014). Section 706(d) further states that "[n]otwithstanding any other provision of this section, a case may not be converted to a case under

another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d) (2014). Section 1325(a)(6) states that a Chapter 13 Plan should only be confirmed if "the debtor will be able to make all payments under the plan and to comply with the plan" 11 U.S.C. §1325(a)(6) (2014). Denial of a motion to convert is appropriate where conversion "will serve no purpose or is otherwise not feasible and subject to reconversion under § 1307." *In re Ponzini,* 277 B.R. 399, 406 (Bankr. E.D. Ark. 2002) (citations omitted); *see also In re Glenn*, 408 B.R. 800, 803 (Bankr. E.D. Mo. 2009) (citations omitted) (where debtor's finances demonstrated that conversion from Chapter 7 to 13 would be futile).

The record indicates that Debtors cannot satisfy Section 1325(a)(6) in that Debtors' Schedules I and J show a monthly deficit of $814.30 thus Debtors are not able to fund a Chapter 13 Plan under the Bankruptcy Code. As such, the Court must conclude that Debtors do not meet the requirement of Section 706(d) in that Debtors have no disposable income and are incapable of proposing a confirmable plan. This Court must deny conversion from Chapter 7 to Chapter 13 when conversion would be futile, in that Debtors do not have the financial ability to confirm a Chapter 13 Plan. Therefore,

**IT IS ORDERED THAT** the Motion to Convert to Chapter 13 is **DENIED**.

*Kathy A. Surratt - States*

KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: February 26, 2015
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO 63102

Sead and Ekrema Bakrac
6038 Southwest Way
St. Louis, MO 63129

John Charles Caraker
1113 Mississippi Avenue
Suite 105
St. Louis, MO 63104

Brian James LaFlamme
Summers Compton Wells LLC
8909 Ladue Road
St. Louis, MO 63124

David A. Sosne
Summers Compton Wells LLC
8909 Ladue Rd.
St. Louis, MO 63124